HYDE, Appellant, v. GEARHART et al, Respondents.

(168 N. W. 719).

(File No. 4333.  Opinion filed September 3, 1918.)

**Appeals—Dismissal of Appeal—Order Enjoining Execution, No Appeal—Order Dissolving Injunction re Judgment Lienors, Appeal Therefrom—Order, Appeal, Futility of.**

Where in a suit involving mutual set-offs of judgments, trial court denied a motion of a judgment creditor and of an assignee of the judgment, for an order dissolving a temporary injunction against issuance of execution thereon, and granted a restraining order pending the suit, no appeal having been taken therefrom; and upon said hearing having also granted a motion of certain parties defendants claiming an attorney's lien upon said judgment, and dissolving the preliminary restraining order as to them, from which order an appeal was taken to Supreme Court; held, that the order appealed from was an idle act, as was the taking of the appeal therefrom; since the temporary injunction stayed execution of the judgment, the order appealed from abating none of the force thereat; the order appealed from leaving said lienors (who need not have been made defendants) in the same position, as regarded the stay, as they would have been in had they not been made defendants; and while issuance of execution was an act performable by attorneys, notice to them of the temporary injunction was necessary in order to make it effective, since it would be issued by clerk of courts.

Appeal from Circuit Court, Hughes County.  Hon. John F. Hughes, Judge.

Action by Charles L. Hyde, against Napoleon B. Gearhart, Loring E. Gaffy, Louis L. Stephens and others to compel set-of pro tanto of mutual judgments.  From an order granting motion of defendants Gaffy & Stephens to dismiss a restraining order as to them, plaintiff appeals.  Affirmed.

*P. W. Dougherty,* and *John A. Holmes,* for Appellant.

*Gaffy, Stephens & McNamee,* for Respondents.

Respondents cited:

Wood v. Bangs, 46 North Western, 586; State ex rel. Crammer, v. Thorson, 68 North Western, 202.

GATES, J. This action was brought to compel the set-off, pro tanto, of mutual judgments. The complaint alleged the rendition of two judgments in this plaintiff's favor against Napoleon B. Gearhart, the rendition of a judgment against this plaintiff in favor of said Gearhart for something over $500 in excess of the amount of the two, the assignment of the last-mentioned judgment to Nettie D. Gearhart and by her to the First National Bank of Pomeroy, Iowa, and the insolvency of Napoleon B. Gearhart. All of the above named were made parties defendant in this action, and also Loring E. Gaffy, Louis L. Stephens, and Tom C. McNamee. It was further alleged that each of the defendants had or claimed some interest in or lien upon the last-mentioned judgment. A temporary restraining order was issued restraining the issuance of execution thereon. Upon the return day the defendants Gearhart and the bank, appearing by Gaffy, Stephens & McNamee, attorneys, jointly moved the dismissal of the restraining order for that the complaint did not state a cause of action and for that no affidavit was submitted on behalf of the restraining order. The defendants Gaffy and Stephens, appearing by the same attorneys, jointly made a similar motion accompanied by an affidavit in which they asserted an attorney's lien in the sum of $1,147.80 upon said last-mentioned judgment. The defendant McNamee filed a disclaimer. The trial court denied the motion of the defendants Gearhart and the bank and granted a temporary injunction restraining them, "and each of them and each of their attorneys, agents and solicitors and all persons acting in aid or assistance of them * * * pending the final determination of this suit and until the further order of this court in the premises from taking any steps or proceedings of any nature whatsoever to collect the judgment." No appeal was taken from this order, although entered more than six months ago. On the same day the trial court granted the motion of defendants Gaffy and Stephens and entered an order dissolving and discharging the preliminary restraining order

as to them. It is from this latter order that the plaintiff has appealed to this court.

The granting of this order was an idle act. The taking of this appeal was just as futile. The temporary injunction prevents the issuance of an execution on the judgment, and the order appealed from abates no particle of the force and effect of the temporary injunction. It is apparent that this is so for the reason that the making of Gaffy and Stephens parties defendant in this action was unnecessary in order to bind them by the restraining order or temporary injunction. The effect of the order appealed from (so far as the stay of execution is concerned) is to leave them in the same position they would have been in had they not been made parties defendant. It is entirely clear that in such case the temporary injunction would prevent the issuance of execution. Granting that, if the issuance of execution was an act to be performed by attorneys, notice to them of the temporary injunction would be required in order to make the injunction effective, but an execution is not issued by attorneys. It is issued by the clerk of court. The moment the temporary injunction order was filed in his office, that moment the stay of execution became complete. No execution could lawfully be issued upon the judgment by the clerk "until the further order of the court."

Appellant cannot possibly be aggrieved by the order appealed from. It is in no wise prejudicial to him and cannot affect any of his substantial rights. Therefore, without determining whether it was right or wrong, it is affirmed because nonprejudicial to appellant.